UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHAMIM EBRAHIMI,** *et al.* | § § § § | |
| **vs.** | § § § § | **CIVIL ACTION NO._____** |
| **MYKILL FIELDS,** *et al.* | § § | |

### PLAINTIFFS' ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, **SHAMIM EBRAHIMI** (hereinafter referred to as "Plaintiff"), and files this Plaintiff's Original Complaint against a voluminous list of Defendants who are individually listed *supra* in section "I. PARTIES."

Plaintiff's causes of action against Defendants are extensive but are broadly rooted in RICO violations, severe forms of trafficking in persons, anti-trust violations, invasion of privacy, unlawful takings, unjust enrichment, cyber-stalking, denial of equal protection, denial of due process, barratry, deceptive trade practices, and nuisance all under both Federal and State law where applicable.

Plaintiff seeks injunctive relief, declaratory relief, public disciplinary orders relating to professional misconduct, sanctions, federal intervention, the appointment of attorney assistance, and for this case to be expedited in every way.

In support thereof, Plaintiff shows unto the Court as follows:

### I.   PARTIES

*NOTE: Except when required under lawful authority, party capacity is an extrajudicial construct that violates the separation of powers doctrine and undermines the only legal remedy afforded citizens for vindicating cherished constitutional guarantees. Fed. R. Civ. P 9(a)(1). However, so as to avoid confusion, the capacity in which a party is sued shall be stated, where necessary, in the order(s) or other decision(s), however designated, that adjudicates the claim(s) affecting the right(s) or liabilities of said party.*

## II. JURISDICTION

**2.1** This Court has federal question jurisdiction over this lawsuit because it arises under the Constitution and laws of the United States. 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's state law claims that are sufficiently related to the claims within the Court's original jurisdiction. 28 U.S.C. § 1367(a). Lastly, this Court has jurisdiction pursuant to applicable law and its inherent authority to render declaratory relief, provide injunctive relief, issue disciplinary orders, and impose sanctions as requested herewith.

**2.2** This Court has personal jurisdiction over each Defendant because each Defendant either conducts business in this State and this District or committed, conspired to commit, abetted, induced, relieved, and/ or ratified acts of invasion of privacy, misappropriation of protected property, unjust enrichment, human trafficking, distribution and/ or receipt of sexually explicit visual material, promotion of prostitution, sexual performance by a child, extortion, bribery, illegal money transactions, gambling, drug trafficking, transfer of stolen property, civil rights violations, injury to reputation, unfair competition, stalking, kidnapping, torture, witness tampering, obstruction of justice, spoliation, barratry, use of fraudulent court documents, racketeering activity, nuisance activity, deceptive trade practices, unauthorized use of a zombie or botnet, subversion, sedition, domestic terrorism, terrorism that transcends national boundaries, and negligence which have caused injury to Plaintiff and Plaintiff's property and that have occurred in part or in whole in Texas, thus, establishing sufficient minimum contacts with this State so as to not offend the traditional notions of fair play and substantial justice.

## III. VENUE

**3.1** Venue is proper in this district because the ends of justice so require that other parties residing in any other district be brought before this Court.* Primarily, there is no district where venue is mandatory, a number of the Defendants reside in this district, there is no district in which a Court will have personal jurisdiction over all the alleged co-conspirators, because a substantial part of the events or omissions giving rise to the claims presented herein originated and/ or occurred in this district, because there is a substantial likelihood that Plaintiff will prevail on the merits of this suit, and because the Defendants are exponentially more equipped, financially that is, the bear the nominal litigation costs forecasted in association with this suit.

---

* 15 U.S.C. § 5; 18 U.S.C. § 1965(b)

**3.2** Moreover, venue is proper in this district because there seems to exist a combination against Plaintiff instigated by "influential persons" who have not only deprived Plaintiff of a free and impartial judiciary, of open access to Courts, and in enjoying the benefits of police protection but have also both misused the judicial branch as a means to harass Plaintiff by repeatedly burdening him with lawsuits carrying the hallmark of insubstantial claims and misused the legislative branch as a means to impede and deny Plaintiff in seeking to redress harms.

**3.3** Sufficed to say, this matter rises from exceptional circumstance and the undersigned counsel respectfully requests that the Court provide the relief requested herein and herewith unless doing so would be without factual support or in clear aberration of the law.

### IV.   FACTS

**4.1** Plaintiff and almost every Defendants have no personal relationship.  Plaintiff has exchanged more than a hundred words with less than a handful of the over four hundred Defendants.

**4.2** Defendants have subjected Plaintiff to severe forms of trafficking and serious violent felonies almost consecutively for twenty-two years, dating back to approximately the year 2000 or when Plaintiff was sixteen years old.

**4.3** Since Plaintiff was sixteen years old, Defendants have been inducing him to engage in commercial sex acts.  Since Plaintiff was sixteen years old, Defendants have been providing Plaintiff engaging in commercial sex acts to others both domestic and foreign.

**4.4** Since Plaintiff was sixteen years old, Defendants have been inducing him to engage in forced labor.  Since Plaintiff was sixteen years old, Defendants have been providing Plaintiff engaging in forced labor to other both domestic and foreign.

**4.5** Defendants have been benefiting from or tolerated others inducing and providing severe forms of trafficking of persons for twenty-two years; in some cases longer.

**4.6** Since Plaintiff was sixteen years old, Defendants have been interfering with Plaintiff's liberty with the intent to engage in sedition, terrorism, and coercion; to facilitate the commission of a felony or the flight after the attempt or commission of a felony; to inflict bodily injury on him; to violate him sexually; to terrorize him; and to hold him for ransom or reward.

**4.7** Over the course of twenty-two years, or since Plaintiff was approximately sixteen years old, Defendants have subjected Plaintiff to no less than 5,000 actionable events.  These events include subjecting Plaintiff to almost constant electronic and visual surveillance; depriving

Plaintiff of educational opportunity which includes harming Plaintiff's high school education, interfering with Plaintiff's college education, and sabotaging Plaintiff's legal education; depriving Plaintiff of social opportunity by directing persons not to include or engage with Plaintiff; depriving Plaintiff of employment opportunity by directing persons not to include or engage with Plaintiff and by interfering with Plaintiff's attempts to establish and follow in his own business, and depriving Plaintiff of economic opportunity by directing persons not to include or engage with Plaintiff, by interfering with Plaintiff's attempts to take advantage of economic opportunity, and by misappropriating Plaintiff's assets and property; subjecting Plaintiff to wrongful criminal prosecution; subjecting Plaintiff to two wrongful evictions and harming his rental history without lawful authority; subjecting Plaintiff to a wrongful attorney grievance; causing Plaintiff to suffer a brain aneurysm; rendering Plaintiff a disabled individual; murdering Plaintiff's dog of almost fourteen years; torturing Plaintiff's seven month old puppy to the point of no repair such that the puppy had to be put down two and a half years later; misdirecting Plaintiff's financial assistance; tampering with Plaintiff's medication and interfering with his doctor-patient relationships; harming Plaintiff's reputation; forcibly sterilizing Plaintiff on live broadcast; sexually assaulting Plaintiff on live broadcast; and denying Plaintiff's attempts to seek redress for the harms.

**4.8** Those 5,000 actionable events do not include the over 330 simulated attorney-client cases, the over 5,000 phone calls and text message exchanged along with those simulated client cases and simulated potential client cases, the over 2,000 e-mails exchanged in association with those simulated client cases and simulated potential client cases, or the over 15,000 fraudulent government documents in association with those simulated client cases all of which that occurred between 2014 and 2019.

**4.9** Those 5,000 actionable events also do not include the over 600 tv commercials that were made by misappropriating Plaintiff's assets and/ or to harass Plaintiff, the over 250 movies/ tv series that were made by misappropriating Plaintiff's assets and/ or to harass Plaintiff, the numerous songs made by misappropriating Plaintiff's assets and/ or to harass Plaintiff all of which that are known to have occurred mainly between 2018 and 2022, or the unknown misappropriated entertainment content.

**4.10** No Defendant had Plaintiff's consent or legal authority to interfere with Plaintiff's right to privacy, to trespass onto Plaintiff's property, or to take, use or damage Plaintiff's property; to interfere with Plaintiff's right to equal rights or equality under the law; to deprive Plaintiff of life, liberty, property, privileges, or immunities; to engage in a monopoly or monopolies; to deprive Plaintiff of freedom of speech; to deprive Plaintiff his right to open courts, to a jury trial, to remedy

by due course of law for injuries done unto him, and to apply to those invested with the powers of government for redress of grievances or other purposes; to deprive Plaintiff of the right assemble with other citizens for the common good; to deprive Plaintiff of the right to be free from cruel or unusual punishment and from the imposition of excessive fines; to work corruption of his blood; to subordinate civil authority; to suspend the laws of the State of Texas or the United States of America; to deprive Plaintiff of any other right protected by the Constitution, any statute, or any other rule of law; to pass law, enforce law, or interpret law contrary to the Texas Bill of Rights; or to fail to perform ministerial acts or to act without legal authority.

**4.11**   Defendants' acts infringed on P's right to lease, hold, use, sell, receive, and convey property; to privacy; to the orderly pursuit of happies; to equal protection; to due process; to due course of the law; to due administration of the law; to open access to courts; to freely associate; to travel freely; to interest in Plaintiff's reputation; to obtain useful knowledge; to follow in one's business; to bodily autonomy; to privacy; to full and equal benefit of all laws and proceedings for the security of person and property; to not be disenfranchised without due course or law; to the enjoyment of employment by a private employer; and to open markets free from suppression of competition.  Defendants' acts caused Plaintiff lost opportunity, lost profit, damage to credit, property damage, serious bodily injury, loss of companionship, and loss of enjoyment of life; exposed Plaintiff to ridicule and contempt; injured Plaintiff's reputation; and restricted Plaintiff's liberty.

**4.12**   Defendants' acts caused Plaintiff to feel harassed, apprehensive, and emotionally distressed.  Defendants' course of conduct caused Plaintiff to fear that an offense will be committed against his person, property, or his family.  Defendants acts delayed Plaintiff in reporting the commission of a federal offense to a federal officer of the law.

**4.13**   Defendants materially breached their duties to Plaintiff, made material misrepresentations to Plaintiff with the intent that Plaintiff act thereupon to which he did, prevented Plaintiff from acquiring information likely to affect his judgment in the matter, and failed to correct their false impressions knowing them not to be true.

**4.14**   Defendants misused business property in a manner contrary to the law and/ or to duties owed to Plaintiff.  Defendants moved property valued at $5,000 or more in the execution or concealment of their schemes.

**4.15**   Defendants' acts were motived by bias or prejudice based on gender, race, color, disability, religion, and/ or age.

**4.16** Defendants acted with the purpose of causing Plaintiff substantial injury. Defendants knew there was a reasonable probability their misconduct would result in substantial injury to Plaintiff, and that the damages Plaintiff suffered were necessarily a consequence of their misconduct. Defendants created opportunities to cause Plaintiff harm that would not have existed otherwise. Defendants took affirmative action that increased the risk of harm specific to Plaintiff. Defendants proceeded with conscious indifference to Plaintiff's rights, privileges, and welfare.

**4.17** Defendants' conduct involved acts dangerous to human life, affected commerce, and transcended national boundaries. Defendants used communication facilities to promote and carry out their complained of acts.

**4.18** The value of Plaintiff's property misappropriated by Defendants exceeds $2,500.

**4.19** Plaintiff has satisfied the legal definition of a disabled individual since November 25, 2014, having suffered a severe traumatic brain injury two days prior.

**4.20** Defendant-principals are liable for the wrongful acts of their agents because their agents were acting both within the course of their employment and with apparent authority, and because their agents' acts were authorized by, performed by, and/ or tolerated by the principal. For the same reasons, Defendants are jointly liable for exemplary liability.

**4.21** Because Defendants advocated, advised, and/ or conspired to use the law or legal process in unauthorized and illegal manners, substantially obstructed law enforcement and other governmental functions and services, committed acts in violation of the Bill of Rights, and/ or participated in the management of an organization that engaged in the aforementioned, Defendants are not entitled to any of the rights, privileges, or immunities attendant upon legal bodies created under the jurisdiction of the laws of the United States, the State of Texas, or any political subdivisions thereof.

**4.22** Defendants acted in violation of and damaging interests protected by the following laws: 18 U.S.C. §§ 2, 3, 4, 231, 241, 242, 245, 246, 249, 371, 373, 494, 501, 506, 513, 514, 641, 666, 872, 875, 1001, 1028, 1028A, 1029, 1030, 1039, 1040, 1201, 1341, 1342, 1343, 1346, 1349, 1462, 1465, 1466, 1503, 1507, 1510, 1512, 1513, 1519, 1589, 1590, 1591, 1593A, 1621, 1622, 1623, 1702, 1708, 1832, 1951, 1952, 1956, 1957, 1961(1)(A), 1962, 2261A, 2314, 2315, 2331(5), 2332(b), 2340A, 2384, 2385, 2511, and 2701; 47 U.S.C. §§ 223 and 231; 15 U.S.C. §§ 1, 2, 13, 14, 18, and 19; 20 U.S.C. § 1681; 34 U.S.C. §§ 10228(c)(1), 12361, and 12601; 50 U.S.C. §§ 841 and 842; 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1988, 2000a, 2000a-1, and 12132; Tex. Penal Code §§ 3.04, 16.01, 16.02, 16.04, 16.06, 20.02, 20.03, 20.04, 20A.02, 20A.03, 22.04, 22.07,

25.11, 29.02, 29.03, 31.03, 31.04, 32.21, 32.43, 32.46, 32.48, 32.51, 32.53, 33.02, 36.02, 36.06, 36.08, 37.02, 37.03, 37.08, 37.09, 37.10, 37.11, 37.12, 37.13, 38.05, 38.12, 38.171, 39.02, 39.03, 39.06, 42.02, 42.072, 43.03, 43.25, 71.02, 71.022, and 71.023; Tex. Code Crim. Proc. arts. 1.04, 1.05, 1.051, 1.052(d), 1.06, 1.09, 1.16, 1.18, 1.23, 2.01, 2.03, 2.04, 2.05, 2.10, 2.13, 2.17, 2.20, 2.21, 2.30, 2.305, 3.02, 3.03, 5.01, 5.04, 5.05, 5.06, 6.01, 6.03, 6.05, 6.06, 7.01, 8.04, 14.01, and 14.02; Tex. Code Jud. Conduct, Canons 1, 2A, 2B, 2C, 3A, 3B(1), 3B(2), 3B(3), 3B(5), 3B(6), 3B(7), 3B(8), 3B(9), 3B(11), 3C(1), 3C(2), 3C(3), 3C(4), 3D(1), 3D(2), 4A(1), 4A(2), 4C(1), 4D(1), 4D(4), 4I, 5(1)(ii), 5(4), 6, and 6H; Tex. Disciplinary R. Prof'l Conduct 8.03(a) and (b), 8.04(a)(1), 8.04(a)(3), 8.04(a)(2), 8.04(a)(4), 8.04(a)(9), 8.04(a)(5), 8.04(a)(6), 8.04(a)(12), 1.01(b), 3.01, 3.03, 3.04(b), 3.09, 4.01, 5.01, 5.08, 7.02, and 7.03; Tex. Gov't Code §§ 21.001(b), 24.021, 24.024, 25.0011, 25.0011, 27.059, 33.001(b)(2), 41.005, 41.006, 41.008, 41.009, 41.110, 51.301, 51.303, 51.402, 51.901, 71.031, 71.032, 71.033, 71.034, 71.035, 71.038, 72.011, 72.014, 72.016, 72.023, 72.024, 72.026, 72.027, 72.030, 72.032, 72.034, 72.041, 72.081, 72.082, 74.001, 74.004, 74.006, 74.021, 74.024, 74.025, 74.046, 74.047, 74.048, 74.092, 74.093, 74.094, 74.101, 74.102, 74.103, 74.104, 74.106, 74.402, 74.403, 81.011(c), 81.012, 81.020(d), 81.0201, 81.024(a), 81.072(b), 81.073, 81.076, 81.115, 82.004, 82.0072, 82.022, 82.028, 82.030, 82.039, 82.021, 82.0651, 86.024(a), 301.012, 318.001, 411.009(c), 411.022, 411.0253, 557.001, 557.003, and 557.011; Tex. Loc. Gov't Code §§ 81.002, 81.024, 85.001(b)(4), 85.021(b), 87.011, 114.044, 117.058, 191.001, 193.001, and 341.001 et seq., 351.001 etc., 351.002, 351.041, 351.182, 351.184, 351.185, 351.186; Tex. R. Civ. P. 13; Tex. Civ. Prac & Rem. Code, Chapters 9 and 10, and §§ 98.002, 98B.002, 123.002, 125.001, 125.064, and 134A.003; Tex. Bus. & Comm. Code § 15.05, 17.47, and 324.055; U.S. Const. amends. I, III, IV, V, VI, VIII, IX, X, XIII, and XIV; Tex. Const. art. 1, §§ 2, 3, 3a, 8, 9, 10, 13, 17, 19, 20, 24, 25, 26, 27, 28, 29, and 30; Tex. Const. art. 4, §§ 10, 24, and 25; Tex. Const. art. 5, §§ 1-a(6), 1-a(7), 11, 12(a), 15, 16, 18(b), 23, 31(a), 31(b), and 31(c); Tex. Const. art. 15, § 6; and Tex. Const. art. 16, §§ 1 and 41.

## V.   CLAIMS

**5.1**   Defendants—with specific intent to cause Plaintiff harm and with callous indifference to Plaintiffs' secured rights—conspired: to participate in the conduct of an enterprise's affairs through a pattern of racketeering activity; to acquire or maintain an interest in an enterprise through a pattern of racketeering activity; to use or invest any part of income received from a pattern of racketeering activity, or the proceeds thereof, in the acquisition of any interest in or establishment or operation of any enterprise; to devise any scheme or artifice to defraud Plaintiff; to devise any

scheme or artifice for obtaining money or property by means of false or fraudulent representations; to defraud Plaintiff of his intangible right to honest services; to commit abuse of process, seditious acts, and/ or terroristic acts; to interfere with Plaintiff's right to the full and equal benefit of all laws and proceedings for the security of persons and property; to influence, or impede the due administration and/ or execution of the law; to disturb Plaintiff in the exercise or enjoyment of any legal right, privilege, or immunity secured by the Constitution or laws; to defraud Plaintiff of life, liberty, the orderly pursuit of happiness, property, privileges, or immunities secured by the Constitution or laws of the United States or the State of Texas without due process or due course of law; to engage in a course of conduct with the intent to injure, harass, intimidate, or place under surveillance with the intent to injure, harass, or intimidate Plaintiff; to facilitate the promotion, management, establishment, or carrying on of any unlawful activity, specified criminal activity, organized criminal activity, common nuisance activity, public nuisance gang activity, and/ or deceptive trade practices; to conduct a financial transaction involving property used to conduct or facilitate unlawful activity or the proceeds therefrom; to knowingly use without lawful authority a means of identification of another person; to commit any crime of violence to further any unlawful activity; to seize, confine or restrain and hold Plaintiff; to harbor, provide, or obtain Plaintiff for labor, services, and sexual conduct; to benefit from participation in a venture which has engaged in trafficking or forced labor; to obtain, use, or disclose protected information concerning Plaintiff's business, health, and private life, which includes visual streams, casts, images, and any matter of indecent or immoral character, obscene material, intimate visual material, or any article or thing capable of producing sound; to transmit and/ or transfer any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been misappropriated, converted, or taken by fraud; to cause a computer not owned or operated by Defendants to become a zombie or part of a botnet; to use a zombie or botnet to perform an act for another purpose not authorized by the owner or operator of the computer; to unlawfully intercept, divulge, or use Plaintiff's communications; to alter, destroy, or conceal an object with the intent to impair its integrity or availability for use in an official proceeding; to hinder, delay, prevent, or dissuade any person from attending or testifying in an official proceeding, reporting to a law enforcement officer or judge of the United States the possible commission of a federal offense, or seeking the arrest of another person in connection with a federal offense; to retaliate against any person for providing any information relating to the commission or possible commission of a Federal offense; to make, present, or use fraudulent court records; to commit barratry; to engage in cyber-stalking; to engage in identity theft; to engage in fraud related activity in connection with

access devices; to pass or possess with intent to pass as true, any bond, bid, proposal, contract, guarantee, security, official bond, public record, affidavit, or other writing, knowing the same to be false, forged, altered, or counterfeited; to use the administrative and/ or judicial process for the purpose of suppressing competition; to suppress competition; to restrain trade and/ or commerce; to monopolize any part of trade and/ or commerce; to acquire any part of the assets of Plaintiff and/ or to use the aforementioned in a manner that lessens competition and/ or creates a monopoly; to interfere with Plaintiff enrolling in or attending any school, university, or college; to interfere with Plaintiff's right to acquire useful knowledge; to interfere with Plaintiff traveling in or using any facility of interstate commerce, or using any vehicle, terminal, or facility of any common carrier by motor, rail, water, or air; to interfere with Plaintiff participating in or enjoying any benefit, service, privilege, program, facility, or activity administered by the United States or any State or subdivision thereof; to interfere with Plaintiff participating in or enjoying the benefits of any program or activity receiving Federal financial assistance; to interfere with Plaintiff's full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation free from discrimination or segregation; to interfere with Plaintiff enjoying any place of exhibition or entertainment which serves the public; to interfere with Plaintiff enjoying any establishment which serves the public and which holds itself out as serving patrons of such establishments; to interfere with Plaintiff enjoying the goods, services, facilities, privileges, advantages, or accommodations of any establishment which provides lodging to transient guests; to interfere with Plaintiff applying for or enjoying employment—or prerequisite thereof—by any agency of the United States, by any agency of any State or subdivision thereof, or by any private employer; to interfere with Plaintiff using the services or advantages of any labor organization; to interfere with Plaintiff's right to be free from government abusive use of powers without any legitimate law enforcement objective; to interfere with Plaintiff's entitlement to be free from any law, statute, regulation, rule, or order of a State or any agency or political subdivision thereof that purports to require discrimination or segregation; to interfere with Plaintiff's right to be free from unreasonable searches and seizures; to interfere with Plaintiff participating lawfully in speech or peaceful assembly; to interfere with Plaintiff's right to petition the Government for redress; to interfere with Plaintiff's right of access to the Courts; to interfere with Plaintiff's right to sue; to interfere with Plaintiff's right to be party; to interfere with Plaintiff's right to give evidence; to interfere with Plaintiff's right to a trial by jury; to interfere with Plaintiff's right to privacy; to interfere with Plaintiff's right to avoid the disclosure of personal information; to interfere with Plaintiff's right to freedom of association; to interfere with Plaintiff's

right to be free from government intrusion in intimate association with others; to interfere with Plaintiff's right to marry; to interfere with Plaintiff's right to personal autonomy; to interfere with Plaintiff's right to procreate; to interfere with Plaintiff's right to bring up children; to interfere with Plaintiff's right to establish a home; to interfere with Plaintiff's right to independently make certain decisions and to engage in certain conduct; to interfere with Plaintiff's right to create, hold, receive, purchase, lease, sell, and convey real, personal, tangible, and/ or intangible property; to interfere with Plaintiff's right to make, perform, modify, enforce, terminate, and enjoy all the benefits, privileges, terms, and conditions of the contractual relationship; to interfere with Plaintiff's right to be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other; to interfere with Plaintiff's right to be free from cruel and unusual punishment; to interfere with Plaintiff's right to be free from corruption of blood; to interfere with Plaintiff's right to be free from assaults, violence, and excessive force; to interfere with Plaintiff's right to be free from psychological harm; to interfere with Plaintiff's right to equal protection; to interfere with Plaintiff's right to due process; and to interfere with Plaintiff's rights under the Bill of Rights.

**5.2** The causes of action raised herein include but are not limited to, under Federal and State laws: civil RICO violations not limited to qualifying acts under 18 USC §§ 1961(1)(A), 666, 875, 1028, 1029, 1341, 1342, 1346, 1462, 1465, 1503, 1510, 1511, 1512, 1513, 1589, 1590, 1591, 1832, 1951, 1952, 1956, 1957, 2314, 2315, 2320, fraud in the sale of securities under 1961(1)(C), and any offense involving felonious dealing in controlled substance under 1961(1)(C); trafficking violations; unlawful disclosure of intimate visual material; obscenity; theft of trade secrets; misappropriation of likeness; trademark infringement; unjust enrichment; antitrust violations; invasion of privacy; Civil Rights violations under including but not limited to 42 USC §§ 1981, 1982, 1983, 195, 1986, 1988, 2000a, 2000a-1, 2000a-2, and 12132; unlawful taking of property; extortion; gender discrimination; race discrimination; religious discrimination; disability discrimination; discrimination in association with a Federally funded program; discrimination in an education program receiving Federal financial assistance; crime of violence motivated by gender; aggravated sexual assault; forced sterilization; breach of fiduciary duty; legal malpractice; breach of contract; breach of warranty; fraud; deceptive trade practices; bribery; interference with relations; unlawful restraint; unlawful use of zombies or botnets; unlawful access to computers; unlawful interception of communications; unlawful use and disclosure of communications; fraudulent court documents; barratry; defamation; business disparagement; landlord-tenant claims; negligence; negligence per se; trespass; conversion; theft; stalking; cyber-stalking; obstruction of justice; witness tampering; infliction of emotional harm; and common and public nuisance.

**5.3** Plaintiff's claims for barratry are brought against the person(s) who instituted the case, the person(s) who provided or permitted to be provided written communications that contained false or misleading claims, the person(s) who solicited Plaintiff's employment, the person(s) who paid for the solicited employment, the person(s) who financed the solicitation of Plaintiffs' employment, and the person(s) who invested funds that were used to facilitate the carrying on of barratry.

**5.4** Plaintiff's claims for fraudulent court records, documents, and claims are brought against each person who made, presented, or used a fraudulent court record, document, or claim; knowingly permitted any facility under his/ her control to be used for such prohibited activity; and ratified or recklessly disregarded such prohibited activity.

**5.5** Plaintiff's claims for unfair competition are brought against every corporation and person who acted in violation of any of anti-trust prohibition.

**5.6** Plaintiff's claims for cyber-stalking are brought against each person who made harassing telephone calls to Plaintiffs; utilized a telecommunication device to harass Plaintiffs; created and/ or distributed harassing communications to Plaintiffs; knowingly permitted any telecommunications facility under his/ her control to be used for such prohibited activity, and ratified or recklessly disregarded such prohibited activity.

**5.7** Plaintiff seeks civil penalties at the maximum amounts permitted under the law. Plaintiff seeks damages and penalties against the Defendants jointly and severally. Plaintiff seeks exemplary damages against the Defendants identified herein and elsewhere cumulatively where applicable on legal bases in addition to joint-exemplary-liability due to ratification and maintaining a common nuisance.

## VI. APPLICATION FOR DISCIPLINARY ORDERS

**6.1** Plaintiff also ask that the Court issue show cause orders directing the Texas licensed attorney-defendants to appear before this Court and show cause why it should not impose disciplinary action for all or some of the following: Tex. Code Jud. Conduct, Canons 1, 2A, 2B, 2C, 3A, 3B(1), 3B(2), 3B(3), 3B(5), 3B(6), 3B(7), 3B(8), 3B(9), 3B(11), 3C(1), 3C(2), 3C(3), 3C(4), 3D(1), 3D(2), 4A(1), 4A(2), 4C(1), 4D(1), 4D(4), 4I, 5(1)(ii), 5(4), 6, and 6H; and Tex. Disciplinary R. Prof'l Conduct 8.03(a) and (b), 8.04(a)(1), 8.04(a)(3), 8.04(a)(2), 8.04(a)(4), 8.04(a)(9), 8.04(a)(5), 8.04(a)(6), 8.04(a)(12), 1.01(b), 3.01, 3.03, 3.04(b), 3.09, 4.01, 5.01, 5.08, 7.02, and 7.03.

**6.2** Plaintiff also asks that the Court *sua sponte* enter public orders of incompetence, willful misconduct, official misconduct, professional misconduct, and misconduct where the facts necessitate.

## VII.     APPLICATION FOR SANCTIONS

**7.1** Plaintiff—pursuant to Tex. Civ. Prac. & Rem. Code, Chapter 9, Tex. Civ. Prac. & Rem. Code, Chapter 10, Tex. R. Civ. P 13, the Court's inherent authority, and any other basis provided by law—asks that the Court impose sanctions— after notice and a reasonable opportunity to respond—against each attorney, litigant, and judge who signed a pleading, motion, or other paper in violation of the law where the facts necessitate because Plaintiff had no practical prior opportunity to request that sanctions be imposed for said violations.

## VIII.     CONCLUSION

For these reasons, Plaintiff asks that the Court provide injunctive relief as requested; issue show cause orders directing certain Defendants to appear and show cause why disciplinary action should not be imposed; enter public orders of incompetence where the facts necessitate; impose sanctions for violations of Paragraph 7.1 *supra*; provide declaratory relief as may be requested; enter judgments for Plaintiff against Defendants jointly and severally where applicable for actual damages, exemplary damages, pre- and post-judgment interest, costs of suit, attorney fees; and grant Plaintiff all other relief to which he is allowed in law or equity.

    Respectfully
    As Always,

_____
**SHAMIM EBRAHIMI**
SBN. 24072907
PO BOX 1212
ADDISON, TX 75001
(469) 536-9597 / O
SE.LPSE29@gmail.com / E
**PRO SE PLAINTIFF ATTORNEY**