IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAMIM EBRAHIMI, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV-1906-E-BK |
| | § | |
| MYKILL FIELDS, ET AL., | § | |
|     DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Shamim Ebrahimi's motion to proceed *in forma pauperis* but did not issue process. Doc. 8. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

I. BACKGROUND

On August 29, 2022, Ebrahimi, a Texas lawyer,[1] initiated this action by filing a complaint against Mykill Fields and 1,499 Defendants. Doc. 1; Doc. 6 (listing additional 1,499 Defendants, including individuals and entities). Ebrahimi raises numerous allegations that are

---

[1] The Court takes judicial notice that on April 28, 2021, the 116th Judicial District Court of Dallas County suspended Ebrahimi from the practice of law for a 12-month period from May 15, 2021, until May 14, 2022, and ordered him to pay $3,400 in restitution. *See Comm'n for Lawyer Discipline v. Ebrahimi*, No. DC-20-04562The disciplinary action is summarized on the Texas State Bar website at https://lsc-pagepro.mydigitalpublication.com/publication/?i=711695&article_id=4056921&view=articleBrowser&ver=html5 (last accessed on Aug. 30, 2022).

rambling and largely incoherent and border on the fantastic and delusional.  He asserts that "the causes of action against Defendants are extensive" and are "broadly rooted in RICO violations, severe forms of trafficking in persons, anti-trust violations, invasion of privacy, unlawful takings, unjust enrichment, cyber-stalking, denial of equal protection, denial of due process, barratry, deceptive trade practices, and nuisance all under both Federal and State law where applicable." Doc. 1 at 1.  Specifically, Ebrahimi alleges that Defendants "subjected [him] to severe forms of trafficking and serious violent felonies almost consecutively for twenty-two years, dating back to approximately the year 2000 or when Plaintiff was sixteen years old." Doc. 1 at 3.  He avers Defendants "induc[ed] him to engage in commercial sexual acts" and "forced labor," which "interfer[ed] with [his] liberty . . . ." Doc. 1 at 3.  Ebrahimi also states Defendants "subjected [him] to no less than 5,000 actionable events," including:

> constant electronic and visual surveillance, depriving Plaintiff of educational opportunity which includes harming Plaintiff's high school education, . . . college education, and . . . legal education; depriving Plaintiff of social opportunity . . . employment opportunity . . . economic opportunity . . . subjecting [him] to wrongful criminal prosecution . . . two wrongful evictions . . . a wrongful attorney grievance; causing Plaintiff to suffer a brain aneurysm; rendering [him] a disabled individual; murdering Plaintiff's dog . . . torturing [his] seven month old puppy . . . tampering with [his] medication . . . harming [his] reputation; forcibly sterilizing Plaintiff on live broadcast; sexually assaulting Plaintiff on live broadcast; and denying Plaintiff's attempts to seek redress for the harms.

Doc. 1 at 3-4.

Ebrahimi contends Defendants violated (1) civil and criminal statutes, constitutional provisions, and Texas Disciplinary Rules of Professional Conduct, Doc. 1 at 6-7, and (2) conspired to engage in racketeering activity, Doc. 1 at 7-11.  He "seeks injunctive relief, declaratory relief, public disciplinary orders relating to professional misconduct, sanctions, [and]

federal intervention . . . ." Doc. 1 at 1, 12; *see also* Doc. 5 (Sealed *Ex parte Application for Injunctive Relief* seeking both a temporary restraining order and preliminary injunction).

## II. ANALYSIS

Ebrahimi's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). This statute provides inter alia for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").

Even under this most liberal construction, however, Ebrahimi has failed to state a cognizable legal claim or anything that can be construed as such. As demonstrated *supra*, his factual contentions are clearly baseless and woefully inadequate to support any cognizable claim, and his allegations border on the irrational and incredible. *See Denton*, 504 U.S. at 33. Moreover, he presents no supporting legal authority for the claims he asserts. And to the extent Ebrahimi alleges criminal law violations, his claims lacks any legal basis. Doc. 1 at 6-7. "[D]ecisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63

(5th Cir. 2005). Criminal statutes generally do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Here, Ebrahimi has pled nothing that would even come close to meeting that burden.

Consequently, Ebrahimi's complaint should be dismissed with prejudice as factually and legally frivolous.

### III. LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed herein Ebrahimi's apparent claims are fatally infirm. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, he could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on September 26, 2022.

*[signature]*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).